# 99 DTA 182

RECEIVED

DEC 2 1 1999

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL I-SAN JUAN
PANEL III**

ANA GRECIA MENDEZ MENDEZ.
Peticionaria

v.

JOSE ANTONIO LLOVERAS SAN MIGUEL
Recurrido

Núm. KLCE-99-00500

San Juan, Puerto Rico, a 19 de mayo de 1999

Panel integrado por su Presidente, el Juez Urgell Cuebas
y los Jueces Brau Ramírez y Rossy García

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

### I

La parte peticionaria, Ana Méndez Méndez, recurre de una resolución emitida el 17 de mayo de 1999 por el Tribunal de Primera Instancia, Sala Superior de San Juan, en los procedimientos de epígrafe sobre relaciones paterno-filiales entre la peticionaria y su ex-marido el recurrido José Antonio Lloveras San Miguel.

Mediante el dictamen en cuestión, el Tribunal de Primera Instancia (Hon. Wilfredo Alicea López) denegó una solicitud presentada por la peticionaria en la que ésta solicitaba la inhibición o recusación del Juez que ha estado presidiendo los procedimientos mencionados, Hon. Jorge Orama Monroig.

Junto con su recurso, la peticionaria ha presentado una Moción Urgente en Auxilio de Jurisdicción en la que solicita la paralización de los procedimientos ante el Tribunal de Primera Instancia, en particular, de una vista de desacato criminal contra la peticionaria por su incumplimiento con varias órdenes del Tribunal.

Denegamos.

### II

Contrario a lo requerido por la Regla 34, inciso (C) (1) (e) del Reglamento de este Tribunal, la peticionaria no incluye en el recurso una relación completa de los hechos procesales en los asuntos de epígrafe. Tampoco acompaña copia de las alegaciones de las partes y de los otros documentos que pudieran asistir a este Tribunal a entender la naturaleza específica de la controversia, según lo requiere el inciso (E) de la citada Regla 34.

Hasta donde este Tribunal puede colegir del breve escrito sometido por la peticionaria, las partes estuvieron casadas, habiendo procreado un hijo menor de edad durante su matrimonio y posteriormente se divorciaron en procedimientos de carácter aparentemente contencioso.

Las relaciones paterno-filiales han sido reglamentadas por el Tribunal, compareciendo en torno a este asunto, como parte interventora, los abuelos paternos del menor, Ramón Lloveras Otero y su esposa.

Durante el trámite de estos asuntos, el Tribunal de Primera Instancia, por voz del Juez Orama ha emitido varios dictámenes, varios de los cuales han sido adversos a la peticionaria.

El 31 de diciembre de 1998, la peticionaria sometió una Moción Urgente Solicitando la Inhibición del Juez Orama del caso, bajo la Regla 63.1 de las de Procedimiento Civil. 32 L.P.R.A. Ap. III, R. 63.1. Esencialmente, la peticionaria imputaba al Juez Orama haber actuado con prejuicio y parcialidad en su contra en vista de ciertas determinaciones que éste había tomado en el manejo del caso.

Los incidentes alegados consistían en: (1) que el Juez había permitido que el recurrido anejara cartas de terceras personas que no constituían parte en el pleito, a pesar de que las mismas constituían prueba de referencia; (2) que el Juez no había ordenado al abogado del recurrido abstenerse de acompañar a éste cuando iba a recoger el menor, según había solicitado la peticionaria; (3) que el Juez no había sancionado al recurrido por tomar fotografías de la casa de la peticionaria y de la abuela materna del menor; (4) que *"[e]l Honorable Juez Orama Monroig en más de una ocasión acepta como ciertas las alegaciones hechas por el representante legal del demandado sin que éste haya fundamentado sus posiciones en derecho o haya desfilado prueba que así le permita establecerlo";* (5) que el Juez no se había pronunciado sobre la solicitud de la peticionaria sobre los honorarios de un defensor judicial designado para el menor; (6) que el Tribunal ordenó que se depositara el pasaporte del menor en el Tribunal, a pesar de que la peticionaria era la madre con custodia y patria potestad sobre el niño; (7) que en varias ocasiones el Tribunal dictó órdenes para la entrega del menor al recurrido pocas horas después de que el recurrido presentara sus solicitudes; (8) que el Tribunal no había ordenado a la Trabajadora Social evaluar el hogar del recurrido; y (9) que el Juez permitió al recurrido innumerables oportunidades para presentar su Planilla de Información Personal y Económica, a pesar de que dicha parte había declarado falsamente en un principio que no tenía ingresos.

La Moción de Inhibición fue suscrita por la representante legal de la peticionaria. Esta abogada posteriormente solicitó ser relevada de su representación, lo que fue concedido por el Tribunal el 31 de marzo de 1999. En esa ocasión, mientras la moción de inhibición de la peticionaria estaba pendiente, el Tribunal aparentemente tomó varias determinaciones en el caso, sin que la peticionaria tuviera representación legal. En particular, la peticionaria fue citada por desacato, con relación a su incumplimiento con varias órdenes del Tribunal.

El 27 de abril de 1999, la peticionaria presentó una querella bajo juramento contra el Juez Orama ante la Oficina de la Administración de los Tribunales, por violación a los Cánones de Etica Judicial, quejándose de las actuaciones tomadas por dicho Magistrado.

La peticionaria juramentó la Moción de Inhibición contra el Juez Orama el 13 de mayo de 1999, la cual había sido referida a la Sala recurrida en el ínterin.

El 17 de mayo de 1999, luego de la celebración de una vista en torno a la moción, el Tribunal emitió la resolución recurrida, denegando la misma. En su resolución, la ilustrada Sala recurrida concluyó que la solicitud de la peticionaria resultaba improcedente, expresando que:

*"[La peticionaria] no le ha probado al Tribunal con prueba que le merezca crédito que debe recusar al Hon. Orama Monroig. Su prueba consiste de alegaciones y conclusiones carentes de prueba, que resultan además ser especulativas, tardías y no demuestran que las actuaciones del Hon. Orama Monroig están permeadas de un prejuicio personal. Tampoco la prueba aportada demuestra que el Hon. Orama Monroig ha actuado con parcialidad. Esta es meramente una apreciación subjetiva de la promovente de la moción porque algunas de las decisiones no le han sido favorables."*

Insatisfecha con este dictamen, la peticionaria acudió ante este Tribunal.

## III

En su recurso, la peticionaria plantea que erró el Tribunal de Primera Instancia al denegar su Moción de Inhibición, a pesar de que se encontraba pendiente una querella contra dicho Magistrado, y de haber quedado demostrada la parcialidad de éste.

La Regla 63.1 de las de Procedimiento Civil dispone:

"*A iniciativa propia, o a recusación de parte, un juez deberá inhibirse de actuar en un pleito o procedimiento de cualquiera de los casos siguientes:*

*(a) Por estar interesado en su resultado o tener prejuicio o parcialidad personal hacia cualquiera de las partes o sus abogados.*

*(b) Por existir parentesco de consanguinidad o afinidad con cualquiera de las partes o de sus abogados dentro del cuarto grado.*

*(c) Por haber sido abogado o consejero de cualquiera de las partes o de sus abogados en el pleito pendiente ante él, o fiscal en una investigación o proceso criminal donde los hechos fueren los mismos que habrían de ser sometidos a su resolución.*

*(d) Por existir una relación de amistad de tal naturaleza entre el juez y cualquiera de las partes o sus abogados que pueda frustrar los fines de la justicia.*

*(e) Por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia.*"

Véase, José Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil,* **Publicaciones J.T.S.,** 1979, a las págs. 425 y ss.; *Nudelman v. Ferrer Bolívar,* 107 D.P.R. 495, 506 (1978).

La Regla citada es similar a las normas vigentes en la jurisdicción federal. Véanse, 28 U.S.C. secs. 144, 455; véase, en general, Wright, Miller & Cooper, *Federal Practice and Procedure,* Vol. 13A, West Publishing Co., St. Paul, Minn., 1984, a las págs. 548 y ss.

En el presente caso, la parte peticionaria alega que el Tribunal tiene prejuicio o parcialidad personal contra dicha parte, basado en las actuaciones de dicho magistrado en el caso de marras.

El Tribunal Supremo de Puerto Rico ha señalado, sin embargo, que el tipo de prejuicio o parcialidad que da lugar a la recusación de un juez es aquel de origen extrajudicial, y no aquel que surge por haberse familiarizado el magistrado con el caso a través del procedimiento. Véase *Pueblo v. Maldonado Dipiní,* 96 D.P.R. 897, 910 (1969); *Pueblo v. Pacheco,* 83 D.P.R. 285, 289-291 (1961); véase, además, Cuevas Segarra, *supra,* a la pág. 428.

Esta también es la norma en la jurisdicción federal. Véase, Wright, Miller & Cooper, *supra,* sec. 3542, a la pág. 559; *Liteky v. United States,* 510 U.S. 540, 554-555 (1994); *U.S. v. Grinnell Corp.,* 384 U.S. 563, 583 (1966); *In re: Cooper,* 821 F. 2d 833, 838 (1st. Cir. 1987); *U.S. v. Gordon,* 634 F. 2d 639 (1st Cir. 1980); *U.S. v. Haldeman,* 559 F. 2d 31, 132 (D.C. Cir. 1976).

El estándar utilizado en el ámbito federal para la recusación de un juez por la apariencia de imparcialidad es uno esencialmente objetivo: si una persona razonable, en conocimiento de todas las circunstancias, tendría dudas sobre la imparcialidad del juez. Véase, Wright, Miller & Cooper, *supra,* a la pág. 612; véase también *U.S. v. Greenough,* 782 F. 2d 1556, 1558 (11th Cir. 1986); *Union Carbide Corp. v. U.S. Cutting Service, Inc.,* 782 F. 2d 710, 715 (7th Cir. 1986); *United States v. Nelson,* 718 F. 2d 315, 321 (9th Cir. 1983).

Este estándar, sin embargo, se aplica restrictivamente en contra de la parte que solicita la recusación. Véase,

Wright, Miller & Cooper, *supra*, sec. 3549 a las págs. 623-624. *Town of East Haven v. Eastern Airlines, Inc.,* 304 F. Supp. 1223, 1225 (D. Conn. 1969).

Como es natural, aunque una parte tiene derecho a que su causa sea dilucidada por un juzgador imparcial, no existe derecho alguno a tener un juez de su preferencia ni de otro modo el estatuto persigue el conceder un derecho de veto a las partes sobre la identidad del juez que preside en su causa. Véase, *McCuin v. Texas Power & Light Co.,* 714 F. 2d 1255, 1262 (5th Cir. 1983); *Blizard v. Felding,* 454 F. Supp. 318, 321 (D. Mass. 1978), aff'd, 601 F. 2d 1217 (1st. Cir. 1979); *Samuel v. University of Pittsburgh,* 395 F. Supp. 1275, 1279 (W.D. Pa. 1975).

En la situación de autos, hemos examinado la moción presentada por la peticionaria, así como la declaración jurada sometida en apoyo de la misma, y opinamos que el Tribunal de Primera Instancia no abusó de su discreción al denegar dicha solicitud.

Según observara la Sala recurrida, en su mayor parte, las alegaciones de la peticionaria son conclusorias y no ofrecen elementos suficientes para sustentar su contención de que el Tribunal de Primera Instancia estuviese parcializado en su contra.

La mera existencia de fricción entre juez y parte o de manifestaciones del primero criticando a los segundos de ordinario es insuficiente, por sí sola, para requerir la recusación del juez. Wright, Miller & Cooper, *supra*, a la pág. 573; *People Helpers Foundation, Inc. v. City of Richmond, Va.,* 12 F. 3d 1321 (4th Cir. 1993); *In re: Drexxel Burham Lambert, Inc.,* 861 F. 2d 1307 (2nd Cir. 1988); *In re: Cooper, supra,* 821 F. 2d a las págs. 838-839; *Watson v. Miers,* 772 F. 2d 433, 437 (8th Cir. 1985); *Gilbert v. City of Little Rock, Ark.,* 722 F. 2d 1390, 1398-1399 (8th Cir. 1983).

Tampoco el hecho de que el Tribunal hubiera citado a la parte por desacato constituye una base para la recusación. Véase, *United States v. Olander,* 584 F. 2d 876 (9th Cir. 1978); *United States v. Franks,* 511 F. 2d 25 (2d Cir. 1975).

La peticionaria también alega que el Juez Orama venía en la obligación de inhibirse en vista de la querella presentada en su contra. Pero tampoco estimamos que este fuera un fundamento suficiente para requerir la inhibición de un Juez. Si así fuera, bastaría en todos los casos que una parte levantara una imputación infundada contra un Juez que no desee para que consiguiera su recusación. Véase, Wright, Miller & Cooper, *supra*, a las págs. 577-578: *("[a] party cannot force disqualification by attacking the judge and then claiming that these attacks must have caused the judge to be biased against him"); United States v. Olander, supra; United States v. Grismore,* 564 F. 2d 929 (10th Cir. 1977); *Cheeves v. Southern Clays, Inc.,* 797 F. Supp. 1570 (D. Ga. 1992).

Por los fundamentos expresados, se deniega el auto solicitado. Se deniega, similarmente, la Moción en Auxilio de Jurisdicción. Notifíquese por teléfono, además de por la vía ordinaria.

Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General